■ OPINION of the Court, by
Judge Logan
— The plaintiffs in error exhibited their bill, alleging that the defendant Duncan had recovered a judgment against Daniel Currv, one of the present plaintiffs, for 60/. in an action of slander ; that he had sued out an execution on said judgment, which having been levied a bond was given for the deliver)7 of the property on a certaiu day. That before the time for delivery, a compromise was agreed on between the parties, which rendered unnecessary the delivery of the property, and thereby prevented its delivery at the time and place specified in the bond. That Edward Denny, the then sheriff of the county, with full knowledge of the agreement, purchased from the said Duncan the benefit of the judgment for greatly less than the amount thereof ; and the delivery bond being forfeited as aforesaid, the said Denny, whilst acting as sheriff, contrived to get the said Daniel into his custody upon a different demand, and having-committed him to jail by virtue thereof, during that period of distress the said Denny prevailed on him to execute his bond with the other plaintiffs in error, for the amount of the judgment aforesaid, together with other sums, amounting to about 74/- payable in beef, whiskey, &c. Upon which bond a suit was instituted, judgment confessed with a reservation of equity, an injunction awarded, which was dissolved, the bill dismissed, *462 and .almost the whole amount of the judgment at law, with damages and costs, have been made,
Denny in his answer denies that the said Daniel was in his custody; states that he was in the custody of the jailer of the county in a distinct suit for 8 20, at the in-. Stance of his special bail, who had surrendered him into custody; in which he positively denies all agency or direction either directly or indirectly.
The defendant Duncan denies the compromise as al* leged ; states that he offered to discharge the said Daniel from his judgment at law, if he would pay all the costs which he had been compelled to expend, and pay 8 100 to the said Edward Denny.
The agreement as alleged in the bill to have been made between Duncan and Curry, parties to the original suit, is substantially supported by the testimony of several witnesses. And although this agreement was not executed, we cannot doubt that it may have influenced the conduct of the parties, and prevented the delivery of the property agreeably to the terms of the delivery bond.
The sheriff, however, became interested ; that agreement was never executed, and another bond given to the sheriff in discharge of the delivery bond and the judgment at law. If, therefore, this bond to the sheriff be valid, and the agreement of compromise thereby waived, the next inquiry is whether that bond was void inlaw? And if so, whether the complainants are re-lie vable in equity against the judgment at law rendered thereon ? . ,
Upon the first point, although we are not free from suspicion that the sheriff was guilty of an improper in-terlerence between the parties, and that his conduct has not been entirely correct in the procurement of the last bond, yet we cannot from the evidence before us pro- . Bounce the bond void*
By the act of 1796, concerning sheriffs, “ every contract made between any sheriff and any person in his custody, except such as the law prescribes, and except bonds made for the payment of money or tobacco, actually advanced by the former to discharge the other from imprisonment, shall be void
The evidence in the cause does not shew that Curry was in the custody.of the sheriff when this bond was *463 executed. The defendant positively denies it. But it appears that he was in prison at the time, under the surrender of his bail in a different case. Now that this circumstance cannot justify the conclusion that he was in jail under the control and within the power of the sheriff, and therefore bring his case within the reason and spirit of the act, is evident.
The jailer is a distinct officer created by law, amenable for hié own conduct, over whom the sheriff has no legal control, and who cannot be presumed to act utider his influence. The defendant, then, denying the custo-í dy of the complainant by him, and all agency or direction whatever over him, and it appearing that the friends of the complainant had entered-themselves as his securities in this bond, as well as his special bail in the suit in which he was imprisoned, we are of opinion that the case is not embraced by the act of assembly ; and consequently, that the bond is not thereby rendered void : that the execution of the bond recognized the debt, and the circumstances of the case do not justify the arbitrary interposition of a court of chancery to rescue him from his own act founded on the consideration of the original judgment at law, together with some other demands for costs, &c.
Decree affirmed with costs.